IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

J.R.,

    **Plaintiff,**

v.                                                                             Civil Action No: 2:24-cv-00159

**CHAD SHAFER,**
**individually,**

    **Defendant.**

## COMPLAINT

Comes now the Plaintiff, J.R. ("Plaintiff"), by counsel, Paul E. Stroebel of the law office of Stroebel & Stroebel, PLLC, and for her Complaint, states as follows:

This complaint brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and West Virginia common law, arises out of, among other things, Defendant's violations of Plaintiff's Constitutional rights, and Defendant's sexual harassment, assault, and battery of Plaintiff, as more specifically set forth herein below.

1. Plaintiff is and was a resident of Kanawha County, West Virginia at all times relevant herein.

2. Defendant Chad Shafer was at all times relevant herein a police officer for the Dunbar Police Department. Defendant Shafer is being sued in his individual capacity.

3. Upon information and belief, Defendant Shafer is a resident of Kanawha County, West Virginia.

4. On or about March 29, 2022, Defendant Shafer was acting within the scope of his employment and under color of state law when he sexually harassed, sexually assaulted, assaulted, and battered Plaintiff, as more fully set forth hereinbelow.

## FACTS

5. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 4 as if set forth herein.

6. At all times relevant herein, Plaintiff was a resident of Kanawha County, West Virginia.

7. Plaintiff is a thirty-three-year-old woman.

8. Prior to this incident, Defendant Shafer was a client of Plaintiff's when she worked as a massage therapist at local chiropractic office. Plaintiff and Defendant had always been friendly and were friends on social media such as Snapchat and Facebook. While Defendant was a patient of Plaintiff's, he helped dismiss a speeding ticket that Plaintiff received from the Dunbar Police Department.

9. On or about March 29, 2022, Plaintiff was at the Bucket, a bar and restaurant, in Dunbar, West Virginia having drinks. Defendant Shafer was also at the Bucket having dinner with other police officers and was on duty and in full uniform. Defendant saw that Plaintiff was there and messaged her on Snapchat that he could give her a ride home later if she needed one. Plaintiff did not respond. Later that evening, when the Bucket was closing, Defendant Shafer approached Plaintiff and told her that he was going to take her to her house. Plaintiff had been drinking and was intoxicated, so she took Defendant Shafer up on his offer.

10. Defendant Shafer took Plaintiff in his Dunbar Police vehicle while he had his K-9 in the backseat and drove Plaintiff to her home. Once they arrived, Defendant gave Plaintiff a hug. Then, without warning, Defendant attempted to kiss Plaintiff and she turned her head away. Defendant grabbed Plaintiff's face and began kissing her and groping her. Defendant proceeded

to put his hand in Plaintiff's pants and digitally penetrate her. Plaintiff attempted to push Defendant's hand away but he kept going. Plaintiff was intoxicated and scared and did not know what to do.

11. Plaintiff was finally able to extricate herself and went into her house, but Defendant Shafer followed her inside. Plaintiff collapsed onto her couch where she passed out. Plaintiff was woken up by Defendant smacking her face with his penis. Defendant then stood over her in full police uniform while Plaintiff was laying on her couch, grabbed her head, and forced her to give him oral sex. After a short time passed, Defendant received a call on his radio and had to stop. Defendant had to leave to respond to the call and left Plaintiff's home.

12. Following this incident, Defendant started to message Plaintiff things such as, "nice turn signal" and "where ya goin," making it appear that Defendant was watching and following Plaintiff. Defendant showed up to Plaintiff's home uninvited and in his full uniform on at least three occasions. One evening Defendant showed up to Plaintiff's home and turned the police lights on his vehicle on and told Plaintiff he wanted to give her son something. Plaintiff had not invited Defendant over and told him she needed to get her son to bed. Eventually, after Plaintiff ignored Defendant's continued messages and unannounced appearances, he left her alone.

### COUNT I - VIOLATIONS OF FOURTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION

13. Plaintiff re-alleges and incorporates paragraphs 1 through 12 above as if fully set forth herein.

14. Defendant Shafer, as set forth hereinabove, sexually harassed, assaulted and battered Plaintiff, which was unwanted, unnecessary and unjustified. Defendant Shafer's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, humiliation and severe emotional distress upon her.

15. The sexual harassment, assault and battery of Plaintiff by Defendant Shafer was in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizures and unreasonable intrusions on her bodily integrity. Additionally, Defendant Shafer engaged in conduct of abuse of power and authority which shocks the conscience or offends human dignity in violation of the Fourteenth Amendment. This conduct is actionable pursuant to 42 U.S.C. § 1983.

16. The sexual harassment, assault and battery of Plaintiff by Defendant Shafer was so egregious, outrageous, and an abuse of power in violation of Plaintiff's right under the Fourteenth Amendment to due process of law as said acts shock the conscious.  Further, Defendant Shafer's acts, as set forth hereinabove, were done while he was acting under the color of his authority as a police officer for the City of Dunbar and under the color of state law.

17. As a result of the aforementioned, Plaintiff has suffered sorrow, mental anguish, embarrassment, humiliation and has otherwise been damaged, with severe emotional distress, violation of her rights and is therefore entitled to damages, punitive damages, attorney fees and costs 42 U.S.C. § 1983 and 42 U.S.C. § 1988

## COUNT II - ASSAULT AND BATTERY

18. Plaintiff re-alleges and incorporates paragraphs 1 through 17 above as if fully set forth herein.

19. Defendant Shafer, at the time of taking Plaintiff to her home in his police vehicle, and then by inappropriately touching plaintiff created an apprehension within Plaintiff of immediate physical harm as more fully set forth hereinabove. Defendant then carried out the assault and battery through his unwanted and unlawful touching and battery of plaintiff.

20. As a result of the aforementioned, Plaintiff has suffered sorrow, mental anguish,

embarrassment, humiliation and has otherwise been greatly damaged, with severe emotional distress, violation of her rights and is therefore entitled to punitive damages, attorney fees and costs.

### COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ OUTRAGEOUS CONDUCT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant Shafer was reckless and outrageous in his actions toward Plaintiff, as set forth hereinabove, proximately causing Plaintiff to suffer severe bodily injury, severe emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity.

23. Defendant Shafer's conduct was atrocious and intolerable and exceeded the bounds of decency. Defendant Shafer acted recklessly in such a manner that it was certain that severe emotional distress would result from his conduct.

23. Defendant Shafer, an employee, officer and agent of the Dunbar Police Department and was acting within the scope of his employment or within the scope of his apparent authority when he acted in a manner as set forth hereinabove towards Plaintiff.

24. As a proximate result of Defendant's outrageous conduct plaintiff has suffered severe emotional distress, that no reasonable person could be expected to endure.

WHEREFORE, Plaintiff requests the following relief:

(a) That she may have a trial by jury;

(b) That she be awarded all damages, including but not limited to, severe emotional distress, humiliation, mental anguish, embarrassment, and future mental anguish;

(c) That she be awarded all other compensatory and general damages for which Defendant is liable;

(d) That she be awarded punitive damages;

(e) That she be awarded attorney fees and related costs; and

(f) That she be awarded such other relief as this Court may deem just and equitable.

PLAINTIFF DEMANDS A TRIAL BY JURY

        J.R.,
        By Counsel,

/s/ Paul E. Stroebel
Paul E. Stroebel, Esquire (WV BAR 13269)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroebel1@gmail.com